UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CARLIE TANKERSLEY, | ) | |
|---|---|---|
| | ) | Case No. 1:24-cv-292 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| BRADLEY COUNTY JAIL, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction[1] ("TDOC") currently housed in the Bradley County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 (Docs. 1, 4, 7) and a motion for leave to proceed *in forma pauperis* (Doc. 5) with supporting documents (Doc. 9). For the reasons set forth below, the Court will grant Plaintiff's motion, decline supplemental jurisdiction over any intended State-law claims, and dismiss the complaint without prejudice for failure to state a claim.

---

[1] Plaintiff does not identify his status as that of a convicted prisoner, but the Court takes judicial notice of that fact. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (search by name) (last Sept. 16, 2024); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) and supporting documents (Doc. 9) that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (Doc. 5) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

**B.     Plaintiff's Allegations[2]**

On June 9, 2024, Plaintiff approached Correctional Officer ("CO") Parks "to talk . . . about [his] tablet[,]" and CO Parks told Plaintiff "to lock down" (Doc. 7, at 3–4). As Plaintiff was walking to his cell, CO Parks pushed Plaintiff in his back, "causing [him] to go into [the] wall"

---

[2] Plaintiff's allegations are contained across three separate documents—an initiating document (Doc. 1), a supplement (Doc. 4), and an amended complaint filed on a § 1983 form (Doc. 7). The Court notes that the document identified as a "supplement" on the docket is unsigned, in contravention of the Federal Rules of Civil Procedure (Doc. 4). *See* Fed. R. Civ. P. 11(a) (requiring pro se party to personally sign all documents filed with the Court). But the allegations are consistent across all three documents. Therefore, for simplicity, the Court refers only to Plaintiff's amended complaint in its recitation of Plaintiff's allegations. *See also In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted).

3

(*Id.* at 4). CO Parks got on Plaintiff's back and "push[ed] [his] head down into the floor" while telling Plaintiff "to quit resisting" (*Id.*). CO Parks took Plaintiff "to the hole for one night[,]" but Plaintiff was released because CO Parks did not issue Plaintiff a disciplinary write up (*Id.*).

Aggrieved, Plaintiff filed the instant action against the Bradley County Jail and CO Parks, claiming that he "was assaulted" (*Id.* at 5). Plaintiff has not sought any relief (*Id.*).

C. Analysis

1. Federal Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Although Plaintiff names the Bradley County Jail as a Defendant, it is a building, not a "person" subject to liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, the Bradley County Jail is **DISMISSED**.

Bradley County itself is a suable entity, but suit against it can be maintained only where Plaintiff plausibly alleges that the policies or customs of the County caused violations of his constitutional rights. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). This requirement also exists for Plaintiff's claims

4

against CO Parks in his official capacity, as suit against a Bradley County employee in his official capacity is the equivalent of suit against the County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But Plaintiff has not alleged any facts that would allow the Court to plausibly infer that his constitutional rights were violated because of an established policy or custom of Bradley County. Accordingly, any official-capacity claims against CO Parks are likewise **DISMISSED**.

And to state a claim against CO Parks individually, Plaintiff must adequately plead that the Defendant, through his own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). It is well settled that "the unnecessary and wanton infliction of pain" violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). Where a prisoner alleges that an official used excessive force against him, courts must examine two issues to determine whether the force violated the Eighth Amendment: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm[,]" which is known as the subjective component; and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency[,]" which is known as the objective component. *Hudson*, 503 U.S. at 6, 9.

To satisfy the objective component, an inmate need not prove a serious injury, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). However, "not every malevolent touch

5

Case 1:24-cv-00292-TRM-CHS   Document 10   Filed 09/19/24   Page 5 of 7   PageID #: 31

by a prison guard" creates a federal claim, and *de minimis* uses of physical force that are not "repugnant to the conscience of mankind" do not violate the Eighth Amendment. *Id.* (internal quotation marks and citation omitted).

The facts presented by Plaintiff do not allow the Court to plausibly infer that CO Parks violated Plaintiff's constitutional rights. "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins*, 559 U.S. at 37. Here, Plaintiff has not alleged anything more than a couple of shoves by CO Parks, which is a *de minimis* use of force, and he has not alleged that he received any discernible injury as a result of that alleged force. That is, Plaintiff has not alleged sufficient facts to nudge any claim of unconstitutionally excessive force "across the line from conceivable to plausible," and this claim must be **DISMISSED**.

Additionally, it does not appear that Plaintiff is challenging CO Parks' decision to place him in "the hole" for one day. But, to the extent he does intend to advance such a claim, it fails to state a claim under § 1983. *See, e.g., Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (noting placement in administrative segregation fails to implicate protected liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (holding "mere placement in segregation" will not sustain an Eighth Amendment claim ). Accordingly, any claim related to Plaintiff's placement in "the hole" is **DISMISSED**.

## 2. State-law Claim

Plaintiff alleges he was "assault[ed]" by CO Parks. To the extent Plaintiff intends to assert an assault claim under Tennessee law, the Court declines to exercise supplemental jurisdiction over this claim. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

6

726–727 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### 3. Pleading Rules

Finally, the Court finds that Plaintiff's amended complaint violates the general pleading rules of the Federal Rules of Civil Procedure, as it does not contain a demand for relief. *See* Fed. R. Civ. P. 8(a).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's federal claims are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under § 1983;

5. The Court **DECLINES** to exercise supplemental jurisdiction over any State-law claims; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**